**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

THOMAS A. KORTE,

    Plaintiff,

    v.                                                      Case No. 07-C-246

UNITED STATES OF AMERICA,

    Defendant.

## **DECISION AND ORDER**

On March 13, 2007, the plaintiff filed this action under the Federal Tort Claims Act. 28 U.S.C. § 2764, et seq.. The plaintiff was involved in an accident with a United States Postal Service vehicle on September 10, 2005.

On January 24, 2008, the defendant filed a motion to limit damages. The defendant seeks to limit the amount of the plaintiff's damages to $28,675.00, the amount of his administrative claim. The parties have fully briefed the motion which will be addressed herein.

A brief review of the facts is helpful to a resolution of this issue. On or about April 18, 2006, the plaintiff, by his attorney, filed an administrative claim with the United States Postal Service (USPS). The amount of the claim was $28,675.00. On May 10, 2006, the USPS acknowledged receipt of the claim. On May 16, 2006, the plaintiff submitted an itemization of special damages regarding the claim which amounted to $7,016.70. On August 24, 2006, the USPS offered the plaintiff $8500.00 to settle the administrative claim. The USPS denied the plaintiff's claim On October 12, 2006. In his final pretrial report, the plaintiff listed total damages in the amount of $52,680.70, which includes $16,409.70 for past medical expenses,

$96.00 in past lost earning capacity, $1,175.00 for property damage and $35,000.00 for pain, suffering and disability.

The defendant asserts that, pursuant to 28 U.S.C. § 2675(b), the plaintiff's damages are limited to the amount of his administrative claim. The defendant contends that the plaintiff failed to establish that Dr. Craig Olson told the plaintiff that "he was cured." Rather, according to the defendant, the plaintiff's medical records indicate that on January 19, 2006, Dr. Olson noted that "[the plaintiff] has gone through therapy in regards to his right upper trap but he has not had any improvement and is looking for some other options." (Defendant United States' Memorandum in Support of Motion to Limit Plaintiff's Damages to $28, 675.00, The Amount Of His Administrative Claim [Defendant's Memorandum], Exh. 9 at 3). The defendant maintains that because the plaintiff's injuries were always known to him they do not constitute newly discovered evidence or intervening facts.

In opposing the defendant's motion, the plaintiff maintains that although he knew about his shoulder, neck and knee injuries prior to filing the administrative claim, he relied on his physician's statements to him that, other than one future injection, he should need no other treatment and his symptoms should resolve. The plaintiff further asserts that it was only after seeing Dr. Olson and Dr. Ronald Linzmeier after the administrative claim was filed that he was informed other treatments were necessary. Additionally, the plaintiff contends that he could not reasonably discover, prior to filing the administrative claim, that he would suffer from chronic pain from chronic trapezium spasms and permanent muscle injuries.

Section 2675(a) of the Federal Tort Claims Act provides that before a plaintiff may file suit against the United States for personal injury or death, the plaintiff must have first

- 2 -

presented the claim to the appropriate federal agency and have been denied compensation. Section 2675(b) further provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Thus, the statute creates two exceptions to the general rule that a plaintiff's recovery is limited to the amount requested in an administrative claim. See Zurba v. United States, 318 F.3d 736, 739 (7th Cir. 2003). "Specifically, § 2675(b) provides that the cap does not apply 'where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency,' or where the plaintiff presents 'proof of intervening facts, relating to the amount of the claim.'" Id. (quoting 28 U.S.C. § 2675[b]). It is the plaintiff's burden to demonstrate that he fits within one of these exceptions. Zurba, 318 F.3d at 739.

The court of appeals for this circuit discussed the application of 28 U.S.C. § 2675 in Zurba, 318 F.3d 736. In that case, the plaintiff, was struck by a car driven by an agent of the Federal Bureau of Investigation (FBI) and the plaintiff filed an administrative claim for damages in the amount of $ 300,000.00. Although the plaintiff suffered from anxiety related problems prior to filing the administrative claim, she did not include her psychological condition as part of her claim. After her claim was denied, the plaintiff filed suit seeking $ 1,000,000.00 in damages. The court held that the district court did not commit clear error in denying the government's motion to limit damages. Id. The court stated that "an unforeseen worsening of a known injury may constitute 'newly discovered evidence' or 'intervening facts' under § 2675(b)." Id.

- 3 -

In holding that the district court did not commit clear error, the court contrasted the fact that the plaintiff's administrative claim did not include her psychological condition with the facts of cases in which the plaintiffs' administrative claims acknowledged the injuries at issue. The court held that "Zurba's case is distinguishable in that her severe emotional injuries which surfaced in the years following the accident were not included in the original claim." Id. at 741. The court stated that "information can be newly discovered evidence or an intervening fact, however, if it sheds new light on the basic severity of the claimant's condition – that is, if it *materially differs* from the worst-case prognosis of which the claimant knew or could reasonably have known when the claim was filed." Id. (quoting Lebron v. United States, 279 F.3d 321, 331 [5th Cir. 2002]) (emphasis in original).

The plaintiff asserts that it was not until after he filed his administrative claim that he called Dr. Olson's office to find out if there was anything else that could be done for his ongoing shoulder and trapezius pain. The plaintiff states asserts that Dr. Olson saw him on April 20, 2006, and ordered an MRI and an EMG study to try to determine whether the plaintiff had a rotator cuff tear. Subsequent to the testing, the plaintiff was given a second injection and referred for more aggressive physical therapy which the plaintiff had through June 21, 2006. Thereafter, he saw Dr. Linzmeier, a chiropractor.

The plaintiff specifically contends that it was only after seeing Dr. Olson and Dr. Linzmeier after the administrative claim was filed that he was informed additional treatment was necessary. He further contends that at the time he filed the administrative claim he could not have reasonably discovered that he would suffer from chronic pain.

The question presented is whether the "newly discovered evidence" or "intervening facts", i.e., that the plaintiff's right shoulder and trapezius pain is "chronic," was "not reasonably

- 4 -

discoverable" when he submitted his claim. The plaintiff filed his administrative claim on April 18, 2006. At that time, he continued to experience pain in his right shoulder, which was not getting better. This is evidenced by the fact that just two days later, on April 20, 2006, the plaintiff saw Dr. Olson who determined that the plaintiff's continued pain warranted a MRI and EMG study. In addition, the plaintiff's medical record from that date indicates that "he has been having some numbness and tingling" in his right shoulder which had improved for a period of time, but was now worse. (Defendant's Memorandum, Exh. 9 at 4). Thus, at the time the plaintiff filed the administrative claim, he suffered from continued pain in his right shoulder and trapezius. Although "an unforeseen worsening of a known injury may constitute 'newly discovered evidence' or 'intervening facts' under § 2675(b)," Zurba, 318 F.3d at 739, there is no evidence in this case that establishes that unforeseen worsening of the plaintiff's condition.

In this case, the plaintiff's right shoulder and trapezius pain is not newly discovered because it is not materially different from the worst-case prognosis of which the plaintiff knew or could reasonably have known at the time his claim was filed.'" See Id. at 741. The plaintiff could reasonably have known at the time he filed the administrative claim that worst-case prognosis would be that the shoulder and trapezius pain of seven months would not resolve itself. Moreover, on May 2, 2006, Dr. Olson ordered additional physical therapy. The plaintiff attended additional physical therapy sessions, but he still continued to experience pain. The plaintiff then was referred to a chiropractor and first saw the chiropractor, Dr. Linzmeier on June 28, 2006. Thus, by June 28, 2006, the plaintiff had experienced right shoulder and trapezius pain for more than nine months since the accident on September 10, 2005. At that time, he should have known that the pain in his shoulder and trapezius was likely chronic.

- 5 -

The defendant did not deny the plaintiff's administrative claim until October 2006. Thus, the plaintiff could have supplemented his administrative claim to include much of the disputed medical charges. (After October of 2006, the plaintiff had one appointment with Dr. Olson, 21 chiropractic visits,[1] an exam by Dr. Danzhu Guo and an EMG nerve study.)

Accordingly, the plaintiff has not established that he fits within either of the exceptions to § 2675(b)'s general rule that a plaintiff's recovery is limited to the amount requested in his administrative claim. Therefore, the court will grant the defendant's motion to limit the plaintiff's damages to the amount of his claim.

The plaintiff asserts that even if § 2675(b) limits his damages to the amount of his administrative claim, it does not limit what evidence may be presented as to damages or otherwise limit the amount of damages determined by the trier of fact. The plaintiff maintains, therefore, that the court can determine his damages based on all of the evidence available at trial, but that his recovery is limited to the amount of his administrative claim.

Section 2675(b)'s cap on foreseeable damages applies only to the amount that the plaintiff is seeking to recover from the defendant and "'thus where 'comparative fault principles are applicable under the relevant substantive law, the plaintiff should recover either his *pro rata* share of his proven damages or the amount of his administrative claim, whichever is less.'" Zurba, 318 F.3d at 743 (quoting parenthetically Martinez v. United States, 780 F.2d 525, 530-31 [5th Cir. 1986]). Accordingly, all the medical treatment the plaintiff received before and after the filing of the administrative claim will be considered by the court in determining the plaintiff's damages. However, the plaintiff may only recover the amount of his administrative claim, $28,675.00.

---

[1] From August 7, 2006, until March 20, 2007, the plaintiff did not see the chiropractor.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to limit plaintiff's damages to $28,675.00, the amount of his administrative claim be and hereby is **granted**. (Docket #34).

**IT IS FURTHER ORDERED** that the parties' brief, proposed findings of fact and conclusions of law shall be filed by **March 12, 2008**.

Dated at Milwaukee, Wisconsin this 26th day of February, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge
